UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JULIA BARRON,<br><br>Plaintiff,<br><br>v.<br><br>USAA CASUALTY INSURANCE COMPANY,<br><br>Defendant. | Case No. 3:26-cv-05563-TMC<br><br>ORDER GRANTING MOTION TO REMAND |

## I. INTRODUCTION

Before the Court is Plaintiff Julia Barron's motion to remand. Dkt. 11. The case concerns a dispute between Barron and her insurer, USAA Casualty Insurance Company ("USAA"), over what Barron was owed under her policy after she suffered injuries from a car accident. Dkt. 1-1 ¶¶ 2.1–2.2, 2.7–2.12. Barron initially filed the case in Clark County Superior Court. Dkt. 1. USAA then removed the case to federal court. *Id.*

Barron now asks the Court to return the case to Clark County Superior Court because (1) removal was untimely and (2) the policy contained a forum selection clause requiring the suit to be filed in Clark County. Dkt. 11 at 1. The Court GRANTS Barron's motion to remand based on the forum selection clause. The case is REMANDED to Clark County Superior Court.

## II. BACKGROUND

On May 31, 2024, Barron was driving northbound on State Route 503. Dkt. 1-1 ¶ 2.7. Another driver, headed southbound, rearended a stopped vehicle waiting to make a left-hand turn, which collided with Barron's vehicle. *Id.* ¶¶ 2.7–2.8. As a result of the collision, Barron required significant and costly medical treatment. *Id.* ¶ 2.12.

At the time of the collision, Barron was insured under an automobile insurance policy issued by USAA. *Id.* ¶¶ 2.1–2.2. After unsuccessfully negotiating a payout from the policy, Barron filed this case in Clark County Superior Court on April 20, 2026. *Id.* at 1. In her complaint, Barron alleges that USAA breached the insurance contract and its duty of good faith and violated both the Washington Insurance Fair Conduct Act and Consumer Protection Act. *Id.* ¶¶ 4.1–4.6.2. On April 27, Barron served the Washington State Office of the Insurance Commissioner ("Commissioner"), which forwarded the summons and complaint to USAA on May 1. Dkt. 1 ¶ 3.

USAA removed the case from Clark County Superior Court to federal court on May 29. *Id.* at 5. Barron moved to remand on June 23. Dkt. 11. USAA responded on July 14. Dkt. 15. Barron replied on July 20. Dkt. 16.

## III. LEGAL STANDARDS

An action brought in state court is removable to federal district court only if the federal court has original subject matter jurisdiction over the action. *See* 28 U.S.C. § 1441(a). "The threshold requirement for removal . . . is a finding that the complaint contains a cause of action that is within the original jurisdiction of the district court." *Toumajian v. Frailey*, 135 F.3d 648, 653 (9th Cir. 1998). A party may claim that a federal court has subject-matter jurisdiction based on either diversity or a federal question. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009).

The removal statute is construed narrowly, and any doubts about removal are resolved in favor of remanding the case to the state court. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Accordingly, on a motion to remand, the removing defendant faces a "strong presumption" against removal and bears the burden of establishing that removal was proper. *Id.* (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 290 (1938)); *see DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006) ("[B]ecause we presume that federal courts lack jurisdiction unless the contrary appears affirmatively from the record, the party asserting federal jurisdiction when it is challenged has the burden of establishing it." (internal quotation marks, alteration, and citation omitted) (quoting *Renne v. Geary*, 501 U.S. 312, 316 (1991))).

## IV. DISCUSSION

In support of her motion to remand, Barron makes two arguments. First, USAA's removal was untimely under 28 U.S.C. § 1446(b). Dkt. 11 at 4–6. Second, the policy contained a forum selection clause that prohibited removal from Clark County. *Id.* at 7–10. The Court will consider each argument in turn.

### A. Timeliness

Under 28 U.S.C. § 1446, a notice of removal must be filed within thirty days after receipt of the initial pleading by a defendant, "through service or otherwise." 28 U.S.C. § 1446(b)(1). Barron argues that this thirty-day period began on April 27, 2026, when the summons and complaint were served on the Commissioner. Dkt. 11 at 5. USAA filed its notice of removal on May 29, thirty-two days later. *Id.* Barron concludes that the Court must remand the case because USAA filed its notice two days late. *Id.* at 6.

In response, USAA argues that under *Anderson v. State Farm Mutual Automobile Insurance Co.*, when service is made through the Commissioner, the thirty-day removal period

begins when the insurer defendant receives the summons and complaint from the Commissioner, not when the Commissioner receives them from the insured plaintiff. Dkt. 15 at 4–5 (citing *Anderson v. State Farm Mut. Auto. Ins. Co.*, 917 F.3d 1126 (9th Cir. 2019)). USAA concludes that under *Anderson*, the thirty-day period began on May 1, when it received the summons and complaint from the Commissioner, and its notice to remove twenty-eight days later was timely under 28 U.S.C. § 1446(b). *Id.* at 5.

In *Anderson*, as here, "[t]he parties agree[d] on how to count to thirty, but they disagree[d] over when to begin counting." 917 F.3d at 1128. The *Anderson* court concluded that the event triggering commencement of the thirty-day period under 28 U.S.C. § 1446(b)(1) is actual receipt by the insurer defendant from the statutory agent. *Id.* at 1130. Applied to this case, the thirty-day removal period began on May 1, when USAA received the summons and complaint from the Commissioner. USAA's May 29 notice of removal was timely.

**B. Forum selection clause**

Barron's policy contains the following clause: "Unless we agree otherwise, any legal action against us must be brought in a court of competent jurisdiction in the county and state where the covered person lived at the time of the accident." Dkt. 11-1 at 40. Barron argues that this Court may not hear this case because the Western District of Washington does not maintain a courthouse within Clark County, the county of her residence at the time of the accident. Dkt. 11 at 8–9. Barron concludes that the only appropriate court is Clark County Superior Court, as it is within "the county and state" where she lived at the time of the accident. *Id.*

In response, USAA argues that several courts in the Eastern District of Pennsylvania have considered this exact forum selection clause and whether a federal district court, whose district covers but is not physically within the selected county, may hear such a case. Dkt 15 at 7–8. Those courts have concluded that the "clause only requires the lawsuit be 'brought' in a court of

competent jurisdiction located in the county of the insured's residence," but "it does not address what happens after filing." *Id.* at 7 (quoting *Fienman v. USAA Cas. Ins. Co.*, No. CV 20-5170, 2020 WL 6381399, at *1–2 (E.D. Pa. Oct. 30, 2020)). Highlighting the word "brought" in the clause, USAA concludes that nothing in the forum selection clause prohibits it from removing the case to federal court after it was initially brought to the court required by its policy. *Id.*

In *City of Albany v. CH2M Hill, Inc.*, the Ninth Circuit considered the following forum selection clause: "Venue for litigation shall be in Linn County, Oregon." 924 F.3d 1306, 1307 (9th Cir. 2019). Before the Ninth Circuit was the broader question of "whether removal to federal court is permitted when a venue-selection clause provides that litigation shall occur 'in' a county in which no federal courthouse is located." *Id.* at 1308. The Ninth Circuit concluded that

> [a]n agreement limiting venue for litigation to a particular county unambiguously prohibits litigation in federal court when there is no federal courthouse located in the designated county. The clear import of the venue-selection clause at issue in this case was to ensure that any litigation arising out of the contracts would take place within the geographic boundaries of Linn County.

*Id.* Although the Ninth Circuit did not consider the exact policy language at issue here, USAA's policy language is not so different to justify disregarding this binding precedent. If an agreement limits venue to a particular county that has no federal courthouse within its geographical limits, then removal to federal court would violate the plain meaning of the forum selection clause. *Id.* at 1309. USAA's argument that a clause requiring litigation to be "brought in" a county is different from a clause that "provides that litigation shall occur 'in' a county," *see City of Albany*, 924 F.3d at 1307, is not a meaningful distinction. Both clauses limit the venue for litigation to a particular county. The "county and state" where Barron "lived at the time of the accident" is Clark County. Because no federal courthouse is located within Clark County, the venue-selection clause prohibits removal to federal court.

## V. CONCLUSION

For the reasons explained above, Barron's motion to remand (Dkt. 11) is GRANTED.

1. Pursuant to 28 U.S.C. § 1447(c), the instant case is REMANDED to the Superior Court of Clark County, Washington;
2. Pursuant to 28 U.S.C § 1447(c), the Clerk shall mail a certified copy of this Order to the Clerk for the Superior Court of Clark County, Washington; and
3. The Clerk shall transmit the record herein to the Clerk for the Superior Court of Clark County, Washington.
4. Following remand, the Clerk shall close the case.

Dated this 2nd day of September, 2026.

Tiffany M. Cartwright
United States District Judge